7/17/2014

# LOAN MODIFICATION AGREEMENT

**PROPERTY ADDRESS**   1561 CARPERS PIKE
GORE, VA 22637-2717

~~EH MIN:~~ _____ ~~MERS Phone: 1-888-679-6377~~

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made on 07/01/2014 (the "Modification Effective Date"), by and between SHAWN M REYNOLDS and CHARLES W REYNOLDS (the "Borrower(s)") and Wells Fargo Bank, N.A. (the "Lender", ~~and Mortgage Electronic Registration Systems, Inc. (Mortgagee)~~ together with the Borrower(s), the "Parties").

## WITNESSETH

WHEREAS, Borrower has requested and Lender has agreed, subject to the following terms and conditions, to a loan modification as follows:

1. Borrower filed for relief under Chapter 07 of the United States Bankruptcy Code on 01/25/2010.

2. At the Borrowers request, the borrower and counsel for both parties agree to address the defaulted amount by means of a loan modification.

3. Borrower received or may be scheduled to receive a discharge of debt pursuant to the United States Bankruptcy Code on or about 5/11/2010.

4. Prior to filing for relief under the United States Bankruptcy Code, Borrower agreed to repay the above referenced loan pursuant to the Note and Security Instrument between Lender and Borrower. Such agreement granted Lender a valid security interest and an enforceable lien on the property securing the loan.

5. Borrower, during the course of the bankruptcy case, did not, and does not intend to reaffirm the debt.

6. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge from bankruptcy that has or may be granted to Borrower in conjunction with the execution of this Agreement. Lender acknowledges that if borrower receives a discharge from a chapter 7 bankruptcy and the loan was not reaffirmed as part of the bankruptcy, Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. Borrower desires to retain the Property securing the Note, and acknowledges that Lender's security interest and lien are still valid and enforceable.

8. Borrower acknowledges and understands that he/she is not obligated to enter into this Agreement, and that he/she is entering into this Agreement at Borrower's request, voluntarily and with no coercion or pressure from Lender, for the sole purpose of retaining the Property. Borrower understands that he/she has may have no personal obligation to repay the debt secured by the Property if said debt is discharged in bankruptcy without a valid reaffirmation agreement. SMR (AFTER READING THIS PARAGRAPH, BORROWER MUST INITIAL HERE.)

NOW THEREFORE, in consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is agreed as follows (notwithstanding anything to the contrary in the Note and Security Instrument dated 10/05/2005.)

1. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the Modified Loan. The new principal balance of my Note will be $228,140.43) (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

2. $46,440.43 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $181,700.00. Interest at the rate of 4.625% will begin to accrue on the Interest Bearing Principal Balance as of 07/01/2014 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 08/01/2014. Borrower agrees to make payments for the Modified Loan as outlined in the payment schedule below:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.625 | 07/01/2014 | $831.51 | 245.45 adjusts annually after 1 | 1,076.96 adjusts annually after 1 | 08/01/2014 | 480 |

| | | | | year | year | | |
|---|---|---|---|---|---|---|---|

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 2 shall supersede any provisions to the contrary in the Note and Security Instrument, including but not limited to, provisions for an adjustable, step or simple interest rate.

Borrower understands that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my Modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My Modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

2. EXTENSION. This Agreement hereby modifies the following terms of the Note and Security Instrument described herein above as follows:

A. The current contractual due date has been extended from 10/01/2013 to 08/01/2014. The first modified contractual due date is on 08/01/2014.

B. The maturity date has been extended from 11/35 (month/year) to July 01, 2054.

C. The amount of interest to be included (capitalized) will be U.S. $11,061.60.

D. The amount of the Escrow Advance to be capitalized will be U.S. $0.00.

E. The amount of Recoverable Expenses* to be capitalized will be U.S. $362.18.
   * Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/Property Inspections

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the maturity date.

G. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

3. NOTE AND SECURITY INSTRUMENT. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Note or Security Instrument. Further, except as otherwise specifically provided in this

Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.

4. The undersigned Borrower(s) acknowledge receipt and acceptance of the Loan Modification Settlement Statement. Borrower(s) agree with the information disclosed in and understand that I/we am/are responsible for payment of any outstanding balances outlined in the Loan Modification Settlement Statement.

5. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.

6. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the 1-4 Family Modification Agreement Rider Assignment of Rents.

7. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Notice of Special Flood Hazard disclosure.

8. This Agreement is conditioned upon the receipt of the 1-4 Family Modification Agreement Rider Assignment of Rents, if included, specified in the attached cover letter, which is incorporated herein by reference.

9. That (he/she/they) (is/are) the Borrower(s) on the above-referenced Mortgage Loan serviced by Wells Fargo Bank, N.A..

That (he/she/they) have experienced a financial hardship or change in financial circumstances since the origination of (his/her/their) Mortgage Loan.

That (he/she/they) did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification.

10. If the Borrower(s) make a partial prepayment of principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts that are due.

CORRECTION AGREEMENT. The undersigned borrower(s), for and in consideration of the approval, closing and funding of this Modification, hereby grants Wells Fargo Bank, N.A., as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 120 days from the closing date of the undersigned's Modification. _SmR_ _CWR_ (Borrower(s) initial)

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as the date first above written.

By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages and telephone calls including the use of automated dialing systems to contact my cellular or mobile telephone. You will not be billed by your cellular or mobile carrier for any text messages you may receive from Wells Fargo, however, any calls we place to your cellular or mobile phone will incur normal airtime charges assessed by your mobile carrier.

Dated as of this __30__ day of ____July____, 20__14__.

_____    _____
SHAWN M REYNOLDS                  CHARLES W REYNOLDS
Signature                         Signature

_____
Signature

_____  8/24/14  Lashana Thao
Wells Fargo Bank, N.A.                  Vice President Loan Documentation

ALUNDREA GAYLE GRUBB-STANTON
NOTARY PUBLIC 7591689
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JANUARY 31, 2018

~~Mortgage Electronic Registration Systems, Inc.~~

Name: _____

Its: _____